UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

JS-6

CASE NO.:  5:19-CV-00755-SJO (KKx)          DATE:     June 27, 2019

TITLE:     Cheylyn Ross v. Stater Bros. Markets et al.
========================================================================
PRESENT:  THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                Not Present
Courtroom Clerk                                 Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**          **COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present                                    Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** [Docket No. 22.]; **ORDER DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS** [Docket No. 11.]; **ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR RELIEF** [Docket No. 27.]

This matter is before the Court on Plaintiff Cheylyn Ross's ("Plaintiff") Motion to Remand Case to State Court, filed on May 24, 2019 ("Motion"). Defendants Stater Bros. Markets et al ("Defendants") opposed the Motion on June 3, 2019 ("Opposition"). Defendant replied on June 10, 2019 ("Reply"). The Court found the matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons stated below, the Court **GRANTS** Plaintiff's Motion in its entirety.[1]

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was employed in an hourly, non-exempt customer service position by 17 Defendants from May 2018 through July 2018. (*Id.* at ¶ 26.) Defendants own and operate supermarkets in Southern California. (*Id.* at ¶ 16.) Cheylyn Ross is the named Plaintiff in the instant class action wage and hour dispute. (*See* Notice of Removal Ex. B, ECF No. 1-1). On April 3, 2019, Plaintiff filed a First Amended Complaint against Defendants ("FAC") in the Superior Court of the State of California County of San Bernardino in a case captioned *Cheylyn Ross v. Stater Bros. Markets, et al.*, asserting the following causes of action:

   (1) Failure To Pay All Wages Owed, Including Overtime ("Wage Claim");

   (2) Failure To Provide Second Meal Periods ("Meal Period Claim");

   (3) Failure to Authorize and Permit Rest Periods ("Rest Period Claim");

---

[1] Because the Court ultimately remands the instant case to state court, it rules on Plaintiff's Motion for Relief and Defendant's Motion to Dismiss at the conclusion of this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:  5:19-CV-00755-SJO (KKx)          DATE:          June 27, 2019

    (4) Failure to Timely Pay Wages Owed Upon Separation From Employer ("Separation Claim");

    (5) Failure to Reimburse Necessary Expenses;

    (6) Knowing and Intentional Failure to Comply with Accurate Itemized Wage Statement Provisions;

    (7) Violation of the Unfair Competition Law; and

    (8) Penalties under the Private Attorneys General Act, Labor Code § 2698 Et. Seq.

(FAC ¶ 2.)

Plaintiff seeks to represent eight classes of similarly situated current or former non-exempt employees of Defendant in California (the "Class"). (*Id.* at ¶ 5.) Plaintiff names the following eight subclasses:

(1) The Minimum Wage Subclass;

(2) The Overtime Subclass;

(3) The Meal Period Subclass;

(4) The Rest Period Subclass;

(5) The Indemnification Subclass;

(6) The Waiting Time Subclass;

(7) The Inaccurate Wage Statement Subclass;

(8) The Unfair Business Practices Subclass.

(*Id.* at ¶¶ 49-52.)

Plaintiff alleges that for at least four years prior to the filing of this action (the "Class Period") Defendant prohibited its employees from taking timely and proper meal and rest breaks during work hours, and failed to furnish accurate wage statements to Plaintiff and the Class. (*Id.* at ¶ 31-33, 35-43.) Plaintiff also alleges Defendant failed to pay for all hours worked upon termination, in violation of various California laws. (*Id.* at ¶ 44.) Specifically, Plaintiff claims that "Plaintiff [was]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:  5:19-CV-00755-SJO (KKx)          DATE:     June 27, 2019

not properly compensated for all hours worked, in part because she was frequently required to work off the clock [and] perform work duties and functions either before or after shifts" for which she was not compensated, in violation of various California laws (*Id.* at ¶ 30). Plaintiff seeks recovery of unpaid overtime wages, plus interest and penalties, attorneys' fees, and costs. (*Id.* at ¶ 66-69.) Although two separate collective-bargaining agreements ("CBA") were in place during the Class Period, Plaintiff's FAC makes no mention of them and exclusively states alleged violations of California law. (*Id.* at ¶ 13; *But see* Notice of Removal at ¶ 17-18, ECF No. 1).

### A. Removal

On April 24, 2018, Defendants removed Plaintiff's action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (*See* Notice of Removal, ECF No. 1.) Specifically, Defendants assert that (1) Plaintiff's Wage Claim, (2) Plaintiff's Meal Period Claim, (3) Plaintiff's Rest Period Claim, and (4) Plaintiff's Separation Claim are preempted by federal law, Section 301 of the Labor Management Relations Act (the "LMRA" or "Section 301"). (*Id.* (citing 29 U.S.C. § 185.)) Additionally, Defendants argue that this Court should exercise supplemental jurisdiction over Plaintiff's remaining claims. (*Id.* (citing 28 U.S.C. § 1367.))

### B. The Instant Motion

In the instant Motion, Plaintiff seeks to remand this action to San Bernardino Superior Court. Plaintiff maintains that (1) her FAC is governed by California law; and (2) that her claims are not preempted by the LMRA. (*See generally* Mot.)

## II. DISCUSSION

### A. Legal Standard

#### 1. Removal Jurisdiction

The removal statute allows a defendant to remove a case originally filed in state court into federal court if it presents a federal question or is between citizens of different states and involves an amount in controversy over $75,000. *ee* 28 U.S.C. §§ 1331, 1441. A "federal question" is presented if the claim arises under the Constitution, laws, or treaties of the United States. *Id.* Federal courts are well established to be "courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). As such, "a federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). Furthermore, a federal court's lack of subject matter jurisdiction may be challenged by any party at any time, and it is never waived. *See United States v. Cotton*, 535 U.S. 625, 630 (2002). If at

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:**  **5:19-CV-00755-SJO (KKx)**     **DATE:**     **June 27, 2019**

any time before final judgment it appears that the district court lacks subject matter jurisdiction, **the case must be remanded.** *See* 28 U.S.C. § 1447(c).

Federal question jurisdiction typically exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, where a plaintiff has both state and federal claims, she can prevent removal by simply choosing not to address the latter in her complaint. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996). Where there is "any doubt as to the right of removal in the first instance," the Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).

   2.  LMRA Preemption

Section 301 of the Labor Management Relations Act ("LMRA" or "Section 301") gives federal courts the exclusive jurisdiction to hear "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Section 301 governs claims that involve right(s) granted to an employee solely based on a collective bargaining agreement or right(s) that are "substantially dependent" on a [collective bargaining agreement]. *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1033 (9th Cir. 2016) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987). This is to "ensure uniform interpretation of collective-bargaining agreements, and thus to promote the peaceable, consistent resolution of labor-management disputes." *Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 404 (1988). **A state law claim is preempted if it is so "inextricably intertwined" with the terms of a CBA that its resolution requires judicial interpretation of those terms.** *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985).

However, state law claims with no other relationship to a collective-bargaining agreement beyond the fact that they are asserted by an individual covered by a CBA are not preempted by Section 301. *See Franchise Tax Bd. Of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 25 (1983). In addition, claims set forth that deal with "nonnegotiable state-law rights" are not preempted by Section 301. *Allis-Chalmers Corp.*, 471 U.S. at 213. If the rights created by state law can be enforced without resorting to the interpretation of terms of a labor contract, a claim based on those rights are not preempted by Section 301. *See Caterpillar*, 482 U.S. at 391.

  B.  Analysis

Defendant exclusively argues that Plaintiff's first four causes of action warrant removal because they are preempted by the LMRA. (*See* Notice of Removal.) Accordingly, the Court examines whether each cause of action is preempted in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:   5:19-CV-00755-SJO (KKx)          DATE:      June 27, 2019

1. Plaintiff's Wage Claim Is Not Preempted

The Ninth Circuit has held that "the preemptive force of [S]ection 301 is so powerful as to displace entirely any state claims based on a collective bargaining agreement, and any state claim whose outcome depends on analysis of the terms of the agreement." *Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 997 (9th Cir. 1987) (citations omitted). Two decades later, the Ninth Circuit articulated a two-part test to better determine whether a cause of action is preempted by Section 301 in *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053 (9th Cir. 2007). Per *Burnside,* a court must first (1) determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted ("*Burnside* Prong 1")." *Id.* at 1059. However, if the right exists independently of the CBA, "(2) [the court] must still consider whether it is nevertheless substantially dependent on analysis of a collective-bargaining agreement ... If such dependence exists, then the claim is preempted by [S]ection 301; if not, then the claim can proceed under state law ("*Burnside* Prong 2")." *Id.* at 1059-60 (citations omitted).

Defendants argue that analysis of the Plaintiff's Wage Claim necessarily requires interpretation of the CBA, and that it is preempted. (Opp'n. 7, ECF No. 25.) Plaintiff contends that her allegations arise independently of a CBA, and remand is warranted. (Mot. 6, ECF No. 22.)

The Court conducts the *Burnside* test below.

a. Plaintiff's Wage Claim Does Not Satisfy *Burnside* Prong 1

"To determine whether a particular right inheres in state law or, instead, is grounded in a CBA, [a court] must consider the legal character of a claim, as **independent** of rights under the collective-bargaining agreement [and] not whether a grievance arising from 'precisely the same set of facts' could be pursued." *Burnside*, 491 F.3d at 1060 (citing *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994) (citation omitted).) In other words, "If a claim arises entirely from a right or duty of the CBA—for example, a claim for violation of the labor agreement [], it is, in effect, a CBA dispute in state law garb, and is preempted. *Alaska Airlines v. Schurke*, 898 F.3d 904, 920-21 (9th Cir. 2018) (citing *Livadas*, 512 U.S. at 122–23.) "In such cases, the CBA is the 'only source' of the right the plaintiff seeks to vindicate... [and] there is no part of the claim [] which the uniform body of federal labor law does not control." *Id.* (citation omitted). However, claims which "just refer to a CBA-defined right, rely in part on a CBA's terms of employment, run parallel to a CBA violation, or invite use of the CBA as a defense," are not preempted. *Id.* (citations omitted).

**Plaintiff argues that her claim fails under *Burnside* Prong 1 because the FAC "claims only a violation of Labor Code § 510and IWC Wage Order for failure to pay time and one-half**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: 5:19-CV-00755-SJO (KKx)       DATE:       June 27, 2019

**(1.5x) for work in excess of eight (8) hours in a day or forty (40) hours in a workweek or double time (2x) for work in excess of twelve (12) hours in a day or eight (8) hours on the seventh day in a work week, with no reference to the CBA.**" (Mot. 7.) Defendants contend that "mere omission of reference to Section 301 in [Plaintiff's FAC] does not preclude federal subject matter jurisdiction." (Opp'n. 13 (citing *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980).; *Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988) ("[T]he key to determining the scope of Section 301 preemption is not based on how the complaint is framed, but whether the claims can be resolved **only** by referring to the terms of the bargaining agreement.").)

Here, Cal. Lab. Code § 510 ("Section 510") provides the exact relief that Plaintiff requests:

> "Any work in excess of eight (8) hours in one workday and any work in excess of forty (40) hours in any one workweek and the first eight (8) hours worked on the seventh (7th) day of work in any one workweek shall be compensated at the rate of no less than one and one-half (1.5x) times the regular rate of pay for an employee. Any work in excess of twelve (12) hours in one day shall be compensated at the rate of no less than twice (2x) the regular rate of pay for an employee. **In addition, any work in excess of eight (8) hours on any seventh (7th) day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.**"

Cal. Lab. Code § 510; (FAC ¶¶ 31, 57, 59, 62-68.)

In contrast, the CBA provides as follows:

> "All work performed in excess of eight (8) hours in any one (1) day, or in excess of forty (40) hours in any one (1) workweek, shall be deemed overtime and paid for at the overtime rate of time and one-half (1 ½) the employee's regular rate of pay. **Overtime shall also be paid to all employees who work on the sixth (6th) day of any one (1) week as follows, 'Time and one-half (1.5) shall be paid on such day if the employee is scheduled to work less than eight (8) hours, and contingent upon the employee's completion of his schedule, provided that all time over eight (8) hours in any one (1) day, or forty (40) hours in any one (1) week, shall be paid at the overtime rate.'"**

(Notice of Removal Exs. F, G, Article V §§ (F),(G), ECF Nos. 1-11, 1-12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:   5:19-CV-00755-SJO (KKx)          DATE:          June 27, 2019

Plaintiff alleges that she "often worked in excess of twelve (12) hours in one day and/or over eight (8) hours on the seventh (7th) day of the workweek, **but [was] not properly paid for such time at a rate of two times the employee's regular rate of pay per hour**." (FAC ¶ 31.) Unlike the CBA, Section 510 provides **twice (2x) the pay** for employees who work in excess of twelve (12) hours in one day. Cal. Lab. Code § 510. In contrast, the CBA exclusively pays **time and one-half (1.5)** under all overtime circumstances. (Notice of Removal Exs. F, G, Article V §§ (F),(G).) Moreover, Plaintiff demands relief uniquely provided under state law and not the CBA because she asserts that she was not paid at "a rate of **two times (2x)** the employer's regular rate." (FAC ¶ 31.) Thus, Plaintiff's claim fails *Burnside* Prong 1 and is not yet preempted.

The Court now turns to whether Plaintiff's Wage Claim satisfies *Burnside* Prong 2. Specifically, the Court "must still consider whether [Plaintiff's claim] is nevertheless substantially dependent on analysis of [the CBA] ... If such dependence exists, then the claim is preempted by [S]ection 301; if not, then the claim can proceed under state law." *Burnside*, 491 F.3d at 1059-1060 (citations omitted).

        b.    Plaintiff's Wage Claim Does Not Satisfy *Burnside* Prong 2

A claim is substantially dependent on the terms of a CBA **if the claim can only be resolved by interpreting the CBA**, rather than looking to it. *Burnside*, 491 F.3d at 1060. However, the "look to"/"interpret" distinction is "not always clear or amenable to a bright-line test." *Id.* (citation omitted). Neither "look[ing] to the CBA merely to discern that none of its terms is reasonably in dispute," nor "the simple need to refer to bargained-for wage rates in computing [a] penalty," is enough to warrant preemption. *Id.* (internal citations omitted).

        i.    The Exemption to Section 510 Does Not Warrant Preemption

Plaintiff's Wage Claim arises under Section 510. (*See* FAC.) However, Section 510 "[does] not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514 (the "Section 514 Exemption").[2]

---

[2] "An employee's 'regular rate of pay' for purposes of [Cal. Lab. Code § 510] and the IWC wage orders is not the same as the employee's straight time rate (i.e., his or her normal hourly wage rate). **Regular rate of pay, which can change from pay period to pay**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:   5:19-CV-00755-SJO (KKx)          DATE:        June 27, 2019

Plaintiff argues that the Section 514 exemption is not determinative of preemption because it is an affirmative defense that must be pled and proved by the employer, and that potential use of an affirmative defense is insufficient to warrant removal to federal court. (Mot. 6-7, ECF No. 22.) Defendants contend that removal is warranted because Plaintiff and Defendants have made alternative arrangements for overtime pay, and the CBA controls. (*See* Opp'n.)

"Reliance on the CBA as an aspect of a defense is not enough to 'inject[ ] a federal question into an action that asserts what is plainly a state-law claim.'" *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 954 (C.D. Cal. 2014)(citing *Placencia v. Amcor Packaging Distribution, Inc.*, 2014 WL 2445957, *2 (C.D. Cal. 2014); *Caterpillar*, 482 U.S. at 399, 107 S.Ct. 2425).) "[I]t is 'settled law that a case may not be removed to federal court on the basis of a federal defense, **including a defense of preemption**, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.'" *Id.* (citing *Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir.2000) (quoting *Franchise Tax Bd.*, 463 U.S. at 14.).)

The Court finds that existence of the Section 514 exemption is insufficient to preempt Plaintiff's Wage Claim. First, the Ninth Circuit has explicitly held that preemption as an affirmative defense is not enough to warrant removal. *Balcorta*, 208 F.3d at 1106. Second, Plaintiff's Wage Claim exclusively asserts rights grounded in Sections 510, 1194, 1197, 1198, and the applicable IWC Wage Orders. (FAC ¶¶ 52-69.) Plaintiff does not mention the CBA, nor does she assert relief that the CBA provides. (*Id.*)

---

**period, includes adjustments to the straight time rate, reflecting, among other things, shift differentials and the per-hour value of any nonhourly compensation the employee has earned."** *Alvarado v. Dart Container Corp. of California*, 4 Cal. 5th 542, 554 (2018). Here, Plaintiff's "straight time rate" is $11.10 per hour. According to the CBA's overtime provision, Plaintiff received time and one half (1 ½) wages for all work performed in excess of eight (8) hours per day, forty (40) hours per week, or on the sixth (6th) day of any one (1) week. (Notice of Removal Exs. F, G, Article V §§ F, G.) **Accordingly, Plaintiff's "regular rate of pay" was $11.10, the "straight time rate," plus one half (½) of $11.10, or $5.55, totaling $16.65.** Plaintiff's "regular rate of pay" including overtime was over 50% more than the minimum wage rate at the time she was employed. Thus, Plaintiff's "regular rate of pay" was more than 30% of the minimum wage rate, in compliance with the Section 514 exemption.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: 5:19-CV-00755-SJO (KKx)          DATE:     June 27, 2019

In *Vasserman*, this district was faced with a nearly identical dilemma, whereby the exclusive reason defendant sought removal was because Section 514 applied to the plaintiff's overtime wage claim. *Vasserman*, 65 F. Supp.3d at 954. The district court held that though the plaintiff's overtime wage claim could "ultimately fail, the court [was] unable to conclude that its resolution [was] substantially dependent on analysis of the CBAs when the supporting allegations focus[ed] only on state law." *Id.*

The same is true here. Accordingly, the Court rules that Plaintiff's Wage Claim is not "substantially dependent on analysis of [the CBA]. *Burnside*, 491 F.3d at 1059-1060 (citations omitted). Plaintiff's Wage Claim does not satisfy *Burnside* Prong 2.

Plantiff's Wage Claim is not preempted.

    2.  <u>Plaintiff's Meal Period Claim Is Not Preempted</u>

      a.  <u>Plaintiff's Meal Period Claim Does Not Satisfy *Burnside* Prong 1</u>

The Court first looks to "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted." *Burnside*, 491 F.3d at 1059.

Cal. Lab. Code § 512 ("Section 512") provides that "[a]n employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes." Cal. Lab. Code § 512. The Supreme Court of California has interpreted this statute to require "a first meal period no later than the start of an employee's sixth hour of work." *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041(2012). Cal. Lab. Code § 226.7 ("Section 226.7") provides that "[i]f an employer fails to provide an employee a meal . . . period in accordance with state law . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal . . . period is not provided." Cal. Lab. Code § 226.7(c).

In contrast, the applicable CBA provision states that "[e]mployees who are scheduled to work **more than six (6) hours** shall receive a thirty (30) minute unpaid meal period between the third and fifth hours, except that by mutual agreement between the manager and the employee a longer meal period may be granted." (Notice of Removal, Ex. F at 82.)

Plaintiff's Meal Period Claim alleges that Defendants failed to provide her with lawful meal periods pursuant to Labor Code Section 512 ("Section 512") and the applicable IWC Wage Order, and that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:   5:19-CV-00755-SJO (KKx)          DATE:       June 27, 2019

Defendants failed to pay Plaintiff for each missed meal period pursuant to Labor Code Section 226.7 ("Section 226.7"). (*Id.*) Specifically, Plaintiff alleges that "Defendants failed to provide Plaintiff [] timely and uninterrupted first meal periods of not less than thirty (30) minutes within the first five hours of a shift...[and] Plaintiff [] were not paid one hour of pay at their regular rate for each day that a meal period was not lawfully provided." (FAC ¶¶ 72, 75, 77.)

The Court finds that Plaintiff's claim does not "arise[] entirely from a right or duty of the CBA." *Alaska Airlines*, 898 F.3d at 920-21. The rights Plaintiff seeks to vindicate, the right to "a meal period of not less than thirty (30) minutes within the first five hours of a shift" and the right to "one hour of pay . . . for each day that a meal period was not lawfully provided," are conferred by Sections 512 and 226.7. (FAC ¶¶ 72-77); *See* Cal. Lab. Code §§ 512, 226.7. Although the CBA affords Plaintiff a similar right, Plaintiff's claim does not involve any "right exist[ing] solely as a result of the CBA." *Burnside* 491 F.3d at 1059; *See Alaska Airlines*, 898 F.3d at 122-23 (holding that claims which "just refer to a CBA-defined right, rely in part on a CBA's terms of employment, run parallel to a CBA violation, or invite use of the CBA as a defense" are not preempted).

Accordingly, Plaintiff's Meal Period Claim does not satisfy *Burnside* Prong 1.

### b.      Plaintiff's Meal Period Claim Does Not Satisfy *Burnside* Prong 2

The Court now turns to whether Plaintiff's Meal Period Claim is "nevertheless substantially dependent on analysis of a collective-bargaining agreement ... If such dependence exists, then the claim is preempted by [S]ection 301; if not, then the claim can proceed under state law." *Burnside*, 491 F.3d at 1059-60 (citations omitted).

Where an employee's "[] meal break claims are based on rights conferred by California Labor Code § 226.7[] and [the applicable IWC Wage Order], they exist as a matter of state law and . . . are not substantially dependent upon an interpretation of the CBA." *Meyer v. Irwin Indus., Inc.*, 723 F. Supp. 2d 1237, 1245 (C.D. Cal. 2010). The rights to meal [] periods apply to "signatories of collective bargaining agreements and constitute[] a nonnegotiable right under California state law." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1082 (9th Cir. 2005). "Resolution of these claims does not require us to interpret the CBA." *Munoz v. Atl. Express of L.A., Inc.*, 2012 WL 5349408, at *4 (C.D. Cal. 2012).

Defendants argue that because Plaintiff's Meal Period Claim is premised in part on Defendants' alleged failure to pay premium wages owed for meal period violations upon termination of employment, resolution of the claim requires interpretation of the CBA's provisions governing the failure to pay wages. (Notice of Removal ¶¶ 36-37.) However, Defendants mischaracterize

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:  5:19-CV-00755-SJO (KKx)          DATE:     June 27, 2019

Plaintiff's Meal Period Claim. Plaintiff's claims do not challenge the arrangement by which Defendants' employees are paid after separation and do not dispute "how premium wages are calculated under the CBA." (*See* FAC ¶¶ 70-78.) Rather, Plaintiff seeks relief based only on allegations that she did not receive "premium pay for all the time for which [they] are entitled to premium pay under California law." (*Id.*) This dispute does not require interpretation of the CBA." *See Castillo v. Long Beach Mem'l Med. Ctr.*, 132 F. Supp. 3d 1194, 1199 (C.D. Cal. 2015) ("[q]uestions of state law based upon terms of a CBA that are not actually in dispute do not provide a basis for preemption of a state-law claim") (citing *Lividas v. Bradshaw*, 512 U.S. 107, 124-25 (1994)).

Thus, Plaintiff's Meal Period Claim does not satisfy *Burnside* Prong 2.

Plaintiff's Meal Period claim is not preempted.

> 3. Plaintiff's Rest Period Claim is Not Preempted
>
>> a. Plaintiff's Rest Period Claim Does Not Satisfy *Burnside* Prong 1

The Court first looks to "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted." *Burnside*, 491 F.3d at 1059.

Section 226.7 provides that "[a]n employer shall not require an employee to work during a [rest period] mandated pursuant to an applicable . . . order of the Industrial Welfare Commission." Cal. Lab. Code § 226.7(b). The right conferred by IWC Wage Order 9 mirrors the right Plaintiff alleges to have been violated:

> "Every employer shall authorize and permit all employees to take rest periods . . . based on the total hours worked daily at the rate of **ten (10) minutes net rest time per four (4) hours** or major fraction thereof. However, a rest period need not be authorized for employees whose daily work time is less than three and one-half hours . . . If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

(IWC Wage Order 9, subd. 12, ECF No. 20 at 12-13.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:   5:19-CV-00755-SJO (KKx)          DATE:     June 27, 2019

The CBA, on the other hand, provides that:

> "All employees working more than three and one-half hours and up to and including five hours per day shall receive one (1) ten (10) minute rest period.  All employees working **more than five (5) hours** and up to and including six (6) hours per day shall receive one (1) fifteen (15) minute rest period.  All employees working for more than six (6) hour [sic] in a day shall receive two (2) ten (10) minute rest periods."

(Notice of Removal, Ex. F at 43.)

Plaintiff's Rest Period Claim alleges that Defendants violated applicable IWC Wage Orders and Section 226.7 by failing to provide lawful rest periods.  (FAC ¶ 87.)  Plaintiff alleges that "Defendants failed and refused to authorize and permit Plaintiff [] to take lawful, net **ten (10) minute rest periods for every four (4) hours worked**, or major fraction thereof," and that "[s]uch rest breaks, when provided, were frequently untimely or less than net ten minutes." (*Id.* at ¶ 83.)  Moreover, Plaintiff alleges that "Defendants did not pay Plaintiff one additional hour of pay at her regular rate of pay for each day that a rest period violation occurred."  (*Id.* at ¶ 86.)

The Court finds that Plaintiff does not rely on any such right existing solely as a result of the CBA. Rather, Plaintiff bases her claim only on Defendants' alleged failure to "authorize and permit Plaintiff [] to take lawful, net **ten (10) minute rest periods for every four (4) hours worked**" pursuant to the applicable Wage Order and Section 226.7.  (FAC ¶ 83.)  Accordingly, Plaintiff seeks to vindicate only the rights conferred by state law, not any additional rights of which the CBA is the "only source."  *Alaska Airlines*, 898 F.3d 904, 921.  Thus, Plaintiff's Rest Period Claim fails *Burnside* Prong 1.

### b.    Plaintiff's Rest Period Claim Does Not Satisfy *Burnside* Prong 2

The Court now turns to whether Plaintiff's Rest Period Claim is "nevertheless substantially dependent on analysis of a collective-bargaining agreement ... If such dependence exists, then the claim is preempted by [S]ection 301; if not, then the claim can proceed under state law." *Burnside*, 491 F.3d at 1059-60 (citations omitted).

Section 226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.  Cal. Lab. Code § 226.7.  "Where an employee's "rest break claims are based on rights conferred by California Labor Code § 226.7[] and [the applicable IWC Wage Order], they exist as a matter of state law and . . . are not substantially dependent upon an interpretation of the CBA."  *Meyer*, 723 F. Supp. 2d at 1245.  The rights to []

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:   5:19-CV-00755-SJO (KKx)          DATE:       June 27, 2019

rest periods apply to "signatories of collective bargaining agreements and constitute[] a nonnegotiable right under California state law." *Valles*, 410 F.3d at 1082. "Resolution of these claims does not require us to interpret the CBA." *Munoz*, 2012 WL 5349408, at *4.

As established above, Plaintiff's Rest Period Claim is based on Section 226.7 and the applicable Wage Order. (FAC ¶¶ 79-88.) Accordingly, "Plaintiff is asserting violations of state law and is not seeking to enforce the terms of the CBA." *Id.* "Thus, the relevant state statutes and regulations govern whether a violation has occurred . . . [and] can be resolved without interpreting the CBA." *Id.* at *4 (citing *Meyer*, 723 F. Supp. 2d at 1244); *see Valles*, 410 F.3d at 1082 ("[b]ecause the employees have based their meal period claim 'on the protections afforded them by California state law, without any reference to expectations or duties created by the[ir] [collective bargaining agreement],' the claim is not subject to preemption and we lack jurisdiction over it" (citations omitted)).³ Thus, Plaintiff's Rest Period Claim does not satisfy *Burnside* Prong 2.

Plaintiff's Rest Period Claim is not preempted.

### 4. Plaintiff's Separation Claim is not Preempted

Plaintiff seeks wage penalties under Cal. Lab. Code § 203 ("Section 203") based on Defendants' alleged failure to timely pay all wages due at separation pursuant to Cal. Lab. Code §§ 201 and 202 ("Sections 201 and 202"). (FAC ¶¶ 90-93.)

In *Lividas*, the Supreme Court explicitly held that a claim based on a state requirement for timely payment of severance pay under Section 203 was not preempted because resolving the claim did

---

³ For the same reasons discussed in the Meal Period Claim analysis above, the Court rejects Defendants' argument that because Plaintiff's Meal Period Claim is premised in part on Defendants' alleged failure to pay premium wages owed for meal period violations upon termination of employment, resolution of the claim requires interpretation of the CBA's provisions governing the failure to pay wages. (Notice of Removal ¶¶ 36-37.) Plaintiff's claims do not challenge the arrangement by which Defendants' employees are paid after separation and it is not in dispute "how premium wages are calculated under the CBA." (*See* FAC ¶¶ 79-88). Rather, Plaintiff seeks relief based only on allegations that she did not receive "premium pay for all the time for which [they] are entitled to premium pay under California law. This dispute does not require interpretation of the CBA." *Id.*; *see Castillo v. Long Beach Mem'l Med. Ctr.*, 132 F. Supp. 3d 1194, 1199 (C.D. Cal. 2015) ("[q]uestions of state law based upon terms of a CBA that are not actually in dispute do not provide a basis for preemption of a state-law claim") (citing *Lividas v. Bradshaw*, 512 U.S. 107, 124-25 (1994)).

| | | | Priority | ____ |
|---|---|---|---|---|
| | UNITED STATES DISTRICT COURT | | Send | ____ |
| | CENTRAL DISTRICT OF CALIFORNIA | | Enter | ____ |
| | | | Closed | ____ |
| | CIVIL MINUTES - GENERAL | | JS-5/JS-6 | ____ |
| | | | Scan Only | ____ |

**CASE NO.:** 5:19-CV-00755-SJO (KKx)  **DATE:** June 27, 2019

not require any interpretation of the CBA; instead, it only required a reference to the undisputed wage rate. *Lividas*, 512 U.S. at 123-24. The Court noted that "the primary text for deciding whether Lividas was entitled to a penalty was not the collective-bargaining agreement, but a calendar." *Id.* at 124. The Court emphasized that "the bare fact that a collective-bargaining agreement is consulted for damage computation is no reason to extinguish the state law claim." *Id.* at 125 (citations omitted).

Similarly here, the CBA need not be interpreted to determine **when** wages were paid upon separation and if payment was timely according to state law. Section 201 provides that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Lab. Code § 201(a). Section 202 provides that "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter." Cal. Lab. Code § 202(a). Plaintiff alleges that pursuant to these Sections, she "[is] entitled to compensation for all forms of wages earned, including but not limited to minimum wages, overtime, and premium meal and rest period compensation, but to date have not received." (FAC ¶ 92.) Thus, just like *Lividas*, Plaintiff's second cause of action is not substantially dependent upon the CBA, but only "on a calendar."

Defendants also argue that Plaintiff's Separation Claim is preempted because it requires interpretation of the CBA's "different pay arrangements." (Notice of Removal ¶ 38.) To support its contention, Defendants point to "an exception governing the timing of wage payments." (Notice of Removal ¶ 38.)[4]

Cal. Lab. Code § 204 ("Section 204") provides in relevant part that "[a]ll wages, other than those mentioned in **Section 201**, 201.3, **202**, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month." Cal. Lab. Code § 204. Section 204(c) offers an exception to this requirement, providing that "when employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply." Cal. Lab. Code § 204(c). Thus, Defendants' argument is without merit because Sections 204 and 204(c) are inapplicable to Plaintiff's Separation Wage Claim. Plaintiff's claim is based on Defendants' alleged failure to timely pay final wages pursuant to **Sections 201 and 202**, two sections to which Section 204 **expressly does not apply**. Cal. Lab. Code § 204.

---

[4] Defendants cite this exception as "Cal. Lab. Code § 203(c)," however, the Labor Code does not contain a "§ 203(c)." *See* Cal. Lab. Code § 203. The Court assumes that Defendants meant to reference Labor Code § 204(c) ("Section 204(c)") since this section contains the exact same language quoted in Defendants' brief. (Notice of Removal ¶ 38.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: 5:19-CV-00755-SJO (KKx)     DATE:     June 27, 2019

Accordingly, the Section 204(c) exception does not require the Court to interpret the CBA to resolve Plaintiff's claims.

Plaintiff's Separation Claim is not preempted.

### 5. Plaintiff's Remaining Claims Do Not Provide Subject Matter Jurisdiction

Defendants concede that preemption principles do not apply to Plaintiff's remaining causes of action. (*See* Notice of Removal; *See* Opp'n.) Specifically, Defendants noted that Plaintiff's seven remaining claims should receive supplemental jurisdiction. (Notice of Removal ¶¶ 35-39.) Because the Court lacks subject matter jurisdiction to address Plaintiff's first four causes of action, it cannot exercise supplemental jurisdiction over Plaintiff's remaining claims.

### 6. The Court Must Remand Plaintiff's Case

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Here, the Court lacks subject matter jurisdiction over any of Plaintiff's claims. Thus, the Court **REMANDS** the instant case to state court for further proceedings.

### 7. Plaintiff and Defendant's Other Pending Motions are Denied as Moot

On May 1, 2019, Defendants filed a motion to dismiss the case ("Defendant's Motion To Dismiss"). (ECF No. 11.) Subsequently, on June 7, 2019, Plaintiff filed a Motion for Relief From Local Rule 23-2 ("Motion for Relief"). (ECF No. 27.) Defendant's Motion To Dismiss and Plaintiff's Motion for Relief are still pending.

The Court lacks subject matter jurisdiction to preside over the instant case. As such, Defendant's Motion to Dismiss and Plaintiff's Motion For Relief are **DENIED AS MOOT.**

### III. RULING

The Court **GRANTS** Plaintiff's Motion to Remand to the Superior Court County of San Bernardino, CIVDS1902518.

Defendants' Motion to Dismiss is **DENIED AS MOOT.**

Plaintiff's Motion For Relief is **DENIED AS MOOT.**

IT IS SO ORDERED.